UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:23-cr-00032-MPB-CSW |
| IZIC ALVIN WRIGHT, | ) ) | -01 |
| Defendant. | ) ) | |

**REPORT AND RECOMMENDATION**

On June 26, 2024, the Court held a hearing on the Petition for Warrant for Offender Under Supervision filed on June 17, 2024 ([Docket No. 8](#)). On July 9, 2024, the Court held a progress hearing and a hearing on the Supplemental Petition for Warrant for Offender Under Supervision filed on July 8, 2024 ([Docket No. 17](#)). Defendant Wright appeared in person with his appointed counsel Mark Foster. The government appeared by Matt Miller, Assistant United States Attorney. U. S. Parole and Probation appeared by Officer Andrea Hillgoth.

This matter was referred to the Magistrate Judge to conduct a hearing and make a report and recommendation as to the disposition. ([Docket No. 11](#)). The defendant was advised that the District Judge is not bound to accept the Report and Recommendation.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant Wright of his rights and provided him with a copy of both petitions. Defendant Wright orally waived his right to a preliminary hearing.

2. After being placed under oath, Defendant Wright admitted violation numbers 1, 2 and 3. ([Docket No. 8 and Docket No. 17](#)).

3. The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"You shall consent, at the direction of the probation officer, to having installed on your computer(s), telephone(s), electronic devices, and any hardware or software, systems to monitor your use of these items. Monitoring will occur on a random and/or regular basis. You will warn other occupants or users of the existence of the monitoring hardware or software. To promote the effectiveness of this monitoring, you shall disclose in advance all cellular phones, electronic devices, computers, and any hardware of software to the probation officer and may not access of use any undisclosed equipment."**<br><br>On June 3, 2024, this officer was notified by the residential reentry center (RRC), that Mr. Wright was found in possession of an unmonitored cell phone and had been accessing the Internet. On June 12, 2024, this officer was again notified by RRC staff that Mr. Wright was found in possession of Internet-enabled devices, an Ultra Smart Watch and a secondary Smart Watch. He also had multiple straps for the watches. Mr. Wright did not disclose any of the devices to the probation officer. |

2 **"You shall reside in a residential reentry center for a term of up to 120 days. You shall abide by the rules and regulations of the facility."**

On June 12, 2024, this officer was advised Mr. Wright was being discharged from the residential reentry center due to repeated violations of their rules.

3 **"You must not commit another federal, state, or local crime."**

As previously reported to the Court, Mr. Wright was found in possession of unapproved Internet-enabled devices. The devices were searched, and this officer discovered numerous social media accounts, aliases, and email addresses being used by Mr. Wright that were not reported to the sex offender registry. On June 4, 2024, Mr. Wright admitted he was aware that not reporting this information to the sex offender registry constituted new criminal conduct for Failure to Register.

4. The parties stipulated that:

    (a) The highest grade of violation is a Grade **B** violation.

    (b) Defendant's criminal history category is **V**.

    (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is **18 to 24** months' imprisonment.

5. The parties jointly recommended a sentence of twenty-one (21) months with 5 years of supervised release to follow. Defendant requested placement at a facility in Marion, Illinois.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of twenty-one (21) months with five (5) years of supervised release to follow.

The court further recommends defendant be housed at a facility in Marion, Illinois. The Defendant is to remain in custody pending the District Judge's action on this Report and Recommendation.

    The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge.

    The parties waived the fourteen-day period to object to the Report and Recommendation.

Date: July 11, 2024

_____
Crystal S. Wildeman
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system